UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK

| | |
|---|---|
| NATASHA REED, individually and on behalf of all other persons similarly situated who were employed by SAPUTO DAIRY FOODS USA, LLC, and/or any other entities affiliated with or controlled by SAPUTO DAIRY FOODS USA, LLC, <br><br>　　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　- against -<br><br>SAPUTO DAIRY FOODS USA, LLC,<br><br>　　　　　　　　　　　　　　　　　Defendant. | **COMPLAINT**<br><br>**COLLECTIVE ACTION and CLASS ACTION**<br><br>**JURY TRIAL**<br><br>Docket No.: 3:20-cv-1531 (LEK/ML) |

　　　　Plaintiffs, by their attorneys Gattuso & Ciotoli, PLLC, and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

　　　　1.　　　This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law ("NYLL") § 190 *et seq.*, § 663, § 651 et seq., and § 650 et seq.; 12 New York Codes, Rules, and Regulations ("NYCRR") § 146-1.2, 146-1.3, 146-1.6, 146-1.7, 146-2.2, 146-2.3, 146-2.9; on behalf of Named Plaintiffs and a putative class and collective of individuals who furnished labor to Defendant SAPUTO DAIRY FOODS USA, LLC, and/or other entities affiliated or controlled by Defendant, individually, to recover unpaid wages for work performed on behalf of Defendant by Named Plaintiff and other members of the putative class (collectively "Plaintiffs").

　　　　2.　　　Defendant is a subsidiary of Saputo Dairy, Inc., a foreign corporation with locations around the world. Defendant is a manufacturer of dairy products and has

1

locations throughout the United States, including one at 40236 Highway 10, Delhi, New York 13753.

3.      Upon information and belief, Defendant's various locations that are engaged in the manufacturing of dairy products operate in a similar fashion, with similar labor, payroll and management practices.

4.      Upon information and belief, Plaintiff and those similarly situated throughout Defendants' manufacturing locations are subject to the same employment policies and practices.

5.      Beginning in approximately October 2014 and, upon information and belief, continuing through the present, Defendant engaged in a policy and practice of failing to pay Plaintiff and those similarly situated for all hours worked.

6.      Beginning in approximately October 2014 and, upon information and belief, continuing through the present, Defendant did not monitor and/or record all of the actual hours worked by Plaintiff and those similarly situated.

7.      Defendants failed to provide proper wage notices to Plaintiffs in violation of state law.

8.      Defendants have applied the same employment policies, practices and procedures to all Plaintiffs that worked for Defendant at all of Defendant's dairy product manufacturing locations.

9.      Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including unpaid earned wages, as well as damages for Defendants' failure to provide Plaintiffs with wage notices, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

10. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

11. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

12. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violation, is three (3) years.

13. The statute of limitations under NYLL § 198(3) is six (6) years.

## VENUE

14. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

15. Named Plaintiff Natasha Reed is an individual and resident of Delhi, New York.

16. Defendant Saputo Dairy Foods USA, LLC is a foreign limited liability corporation organized and existing under the laws of the State of Delaware, with a principle place of business located at 2711 North Haskell Avenue, Suite 3700, Dallas, Texas, 75204.

17. Defendant employed Plaintiff and similarly situated employees at all relevant times.

18. Defendant has had substantial control over Plaintiff's working conditions,

and over the unlawful policies and practices alleged herein.

19. Defendant employed Plaintiff and members of the putative class and collective at multiple locations at all relevant times.

20. Defendant centrally controlled the labor relations of the various milk product production facilities.

21. At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiff and members of the putative class and collective, including payroll and other employment practices.

22. At all relevant times, all of Defendant's milk product production facilities applied and still apply the same employment policies, practices, and procedures to Plaintiff and members of the putative class and collective, including with respect to the time clock, paying for all hours worked and wage notices.

23. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

24. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

25. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

26. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendant in various milk product production positions at Defendant's dairy product manufacturing locations.

27. Plaintiffs are all victims of Defendant's common policy and/or plan to violate the FLSA by failing to pay for all hours worked and overtime compensation at one and one-half the regular hourly rate for hours in excess of 40 per week.

28. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

29. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendant failed to pay wages for all hours worked; (2) whether Defendant properly accounted for and paid all hours worked; (3) whether Defendant paid overtime compensation when owed; and (4) whether Defendant failed to provide New York Plaintiffs with proper wage notices during the time of their employment.

30. The claims of the Named Plaintiff are typical of the claims of the putative class members. Named Plaintiff and putative class members were all subject to Defendant's policies and willful practice of failing to pay minimum wages, failing to account for and pay all hours worked, and other wage violations.

31. Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff have retained counsel experienced in complex wage and hour collective and class-action litigation.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative

class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

33. Named Plaintiff worked for Defendant as a Fill Room Operator at Defendant's location in Delhi, New York from approximately March 22, 2019 through July 17, 2020.

34. Named Plaintiff's allegations herein are not limited to experiences of only Fill Room Operators but apply to numerous other job titles and positions within Defendant's dairy milk product manufacturing locations, including but not limited to Fork Lift Operators, UHT Workers, Laboratory Workers, Milk Receivers, Palletizers, Liquefiers, Rework Workers and Maintenance Workers.

35. Named Plaintiff was paid approximately $19.23 per hour.

36. Named Plaintiff typically worked five to six eight-hour shifts per week, and sometimes worked two to three 12-hour shifts per week. These shifts began at various times, but they were usually third shift.

37. Named Plaintiff upon arrival at Defendant for work was required to put on and change into a uniform and protective gear before she was permitted to clock-in for her shift. The protective gear included a hair net, protective eyeglasses, a hard hat, a shirt, pants and rubber boots. The process of putting on her uniform and protective gear typically took 15-20 minutes. Named Plaintiff then had to walk approximately two minutes to her work location. Named Plaintiff was not compensated for this time.=

38. Upon Named Plaintiff's information and belief, other similarly situated

employees of Defendant, including but not limited to Fork Lift Operators, UHT Workers, Laboratory Workers, Milk Receivers, Palletizers, Liquefiers, Rework Workers and Maintenance Workers, throughout all of Defendant's dairy product manufacturing locations also were required to put on uniforms and protective gear that took approximately 15-20 minutes and then had to walk to their work locations and were not paid, and continue to not be paid, for the time it takes them to put on their uniforms protective gear and walk to their work locations before they are permitted to clock-in to begin recording their working hours.

39. Named Plaintiff clocked-in using Defendant's fingerprint identification system. Named Plaintiff would receive a record of the precise time she clocked-in to begin her shift and the precise time she clocked-out to end her shift.

40. Often and on a regular basis Named Plaintiff's pay stubs revealed fewer hours paid than what her clock-in/clock-out record revealed. This resulted in Named Plaintiff not being paid for all hours worked.

41. Named Plaintiff made complaints to Human Resources about not being paid correctly, specifically to Cherice Outts. Ms. Outts acknowledged the mistake and would assure Named Plaintiff that it would be corrected in a subsequent paycheck. However, the correction was rarely made, so rarely made that Named Plaintiff became discouraged from making the complaint to Ms. Outts.

42. Upon Named Plaintiff's information and belief, other employees of Defendant throughout all of Defendant's milk product producing facilities similarly situated to her were and continue to have hours paid on their pay stubs be fewer than hours actually worked as revealed in the fingerprint clock-in/clock-out records.

43. Upon information and belief, under 29 U.S.C. § 201, et seq., and the cases interpreting same, Defendant constitutes an "enterprise engaged in commerce."

44. Defendant constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

45. Defendant is an employer, within the meaning contemplated, pursuant to NYLL Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

46. Named Plaintiff and those similarly situated were and are employees, within the meaning contemplated in FLSA, 29 U.S.C. §203(e).

47. Named Plaintiff and those similarly situated were and are employees, within the meaning contemplated, pursuant to NYLL Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

48. Defendant never provided Named Plaintiff and those similarly situated with all required wage notices during their time of employment in violation of NYLL § 195(1) and §§ 198-1(b).

**FIRST CAUSE OF ACTION**
**UNPAID OVERTIME UNDER THE FLSA**

49. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

50. Named Plaintiff and similarly situated hourly employees of Defendant bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

51. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time

and is also subject to the overtime provisions of sections 207 of the FLSA.

52. Defendant willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiffs and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

53. Upon information and belief, Named Plaintiff and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the plaintiffs actually worked.

54. On this claim for relief, the Named Plaintiff on behalf of herself and other similarly situated hourly employees of Defendant seeks the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the plaintiff and other similarly situated employees.

55. The plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION
## OVERTIME WAGES UNDER THE NYLL

56. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

57. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate" for hours worked in excess of 40 hours in one workweek.

58. NYLL § 663 provides that, "[i]f any employee is paid by his employer less

than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

59. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

60. Named Plaintiff and members of the putative class are employees, within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

61. There were weeks when Named Plaintiff and members of the putative class worked more than forty (40) hours.

62. Named Plaintiff and members of the putative class did not receive all earned overtime compensation for hours worked after the first forty (40) in a week.

63. By the foregoing reasons, Defendants have violated NYLL § 663 and 12 NYCRR § 142-2.2, and are liable to Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES UNDER NYLL

64. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

65. Pursuant to Article Six of the NYLL, workers such as Named Plaintiff and those similarly situated are protected from wage underpayments and improper employment practices.

66. Pursuant to Labor Law § 190, the term "employee" means "any person

employed for hire by an employer in any employment."

67. As persons employed for hire by Defendants, Named Plaintiff and those similarly situated are "employees," as understood in Labor Law § 190.

68. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

69. As an entity that hired Named Plaintiff and those similarly situated, Defendant is an "employer."

70. Named Plaintiff and those similarly situated wage rates were within the meaning of NYLL §§ 190, 191.

71. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Named Plaintiff and those similarly situated are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

72. Defendants failed to pay Named Plaintiff and members of the putative class their hourly wage for all hours worked in accordance with the agreed upon terms of their employment.

73. Unpaid time work includes, but is not limited to, time spent changing in the locker room, time spent assembling before each shift, and time spent traveling to the locker room to their job sites.

74. In failing to pay Named Plaintiff and those similarly situated proper wages for all hours worked and time and one-half for all hours after forty hours in one week, Defendant violated New York Labor Law

75. Upon information and belief, Defendant's failure to pay Named Plaintiff and those similarly situated full wages every week was willful.

76. By the foregoing reasons, Defendant has violated NYLL and is liable to Named Plaintiff and those similarly situated in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION: NEW YORK– FAILURE TO PROVIDE ANNUAL WAGE NOTICES

77. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

78. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

79. Plaintiffs did not receive all required wage notices during their employment with Defendants.

80. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

81. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $2500, together with costs and reasonable attorney's fees..

82. By the foregoing reasons, Defendants have violated NYLL §§ 195(1) and 198-1(b) and are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated request a trial by jury and demand judgment:

(1) On the First Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendant, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs pursuant to the New York Labor Law;

(3) On the Third Cause of Action against Defendant, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the FLSA;

(4) On their Fourth Cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the New York Labor Law;

  (5) All other and further relief the Court may deem appropriate.

Dated: December 10, 2020

            */s/ Frank S. Gattuso*
            Frank S. Gattuso
            GATTUSO & CIOTOLI, PLLC
            The White House
            7030 E. Genesee Street
            Fayetteville, New York 13066
            (315) 314-8000
            fgattuso@gclawoffice.com

             -and-


            */s/ James Emmet Murphy*
            James Emmet Murphy, Esq.
            VIRGINIA & AMBINDER, LLP
            40 Broad Street, 7th Floor
            New York, New York 10004
            Tel: (212) 943-9080
            Fax: (212) 943-9082
            jmurphy@vandallp.com


           *Attorneys for the Plaintiffs and the Putative Class*