UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATASHA REED, individually and on
behalf of all other persons similarly situated
who were employed by SAPUTO DAIRY
FOODS USA, LLC, and/or any other
entities affiliated with or controlled by
SAPUTO DAIRY FOODS USA, LLC,

                              Plaintiffs,

      -against-                                    3:20-CV-1531 (LEK/ML)

SAPUTO DAIRY FOODS USA, LLC,

                              Defendant.

_____

## FINAL ORDER APPROVING SETTLEMENT

WHEREAS, the Parties have made an application pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure for an order approving settlement in the above-entitled action of the

claims alleged, in accordance with a settlement agreement and release (the "Agreement"), which

sets forth the terms and conditions for the settlement of this action against Defendant and for

dismissal of this action against Defendant with prejudice upon the terms and conditions set forth

therein, and the Court has read and considered the Agreement, Plaintiffs' Unopposed Motion for

Final Approval of the Proposal Settlement and Final Certification of Rule 23 Class, Memorandum

of Law in Support dated July 25, 2022, the Declaration of James E. Murphy, and exhibits attached

thereto;

WHEREAS, on March 25, 2022, this Court issued an order (subsequently amended on April

5, 2022) preliminarily approving the proposed settlement agreement and providing for notice of

the settlement to the class.  Based on its preliminary review, this Court found that the settlement

was fair, just, reasonable, and in the best interest of the Named Plaintiff and the class, as defined

in the proposed Agreement, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure;

WHEREAS, counsel for Plaintiffs has advised that no written objections to the settlement

have been received, and only two individuals have opted out of the settlement;

WHEREAS, the Court is satisfied that the proposed settlement in this action meets both

procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Court finds that the settlement is procedurally fair and has been reached

through arms-length negotiation between experienced counsel with the assistance of mediator

Martin F. Scheinman, Esq., after having engaged in adequate discovery.

2.      The Court also finds that the settlement satisfies the nine factors set forth in City of

Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by

Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000) ("Grinnell"). The Grinnell factors

are (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class

to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the

risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining

the class action through the trial; (7) the ability of the defendants to withstand a greater judgment;

(8) the range of reasonableness of the settlement fund in light of the best possible recovery; and

(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the

attendant risks of litigation. Grinnell, 495 F.2d at 463.

3.      This Court has jurisdiction over the subject matter of this action, and over all parties

to the action, including all class members.

4.      For purposes of this Order, all terms not otherwise defined herein shall have the

same meanings set forth in the Agreement.

2

5.    The settlement set forth in the Agreement is approved and the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiff and the class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

6.    All terms and provisions of the Agreement shall be implemented.

7.    Class members who have not properly and timely exercised their opt-out rights are conclusively deemed to have released or discharged Defendant from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendant, any and all claims released in the Agreement.  All such matters are hereby finally concluded, terminated, and extinguished.

8.    The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute.

9.    The Notice distributed to class members fully and accurately informed the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all class members complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

10.    Class Counsel's request for attorney's fees is reasonable under the factors set forth in Goldberger v. Integrated Resources Inc., 209 F.3d 43, 50 (2d Cir. 2000). Class Counsel's request for costs is also reasonable.

11.    Plaintiff's requests for service awards and claims administration fees are reasonable.

12.    The Settlement Fund is to be distributed to the class members, pursuant to the Agreement, including the service awards to the Named Plaintiff and opt-in Plaintiffs, professional costs and fees to Plaintiffs' counsel, and claims administration fees to Arden Claims Service, LLC, all in accordance with the terms of the Agreement to those individuals who have timely

3

elected to participate in the settlement.

13.     Neither this Final Approval Order, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Defendant (or any of the released parties listed as included within the definition of "Released Saputo" in the Agreement) of any fault, wrongdoing, or liability whatsoever.  Nor is this Final Approval Order a finding of the validity of any claims in the lawsuit or of any wrongdoing by Defendant (as defined in the Agreement to include other released parties within the definition of "Released Saputo").  No party shall be deemed the prevailing party by virtue of the Agreement or this Final Approval Order.

14.     Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

15.     The Clerk of the Court is directed to close this matter.

                **IT IS SO ORDERED.**

DATED:      July 27, 2022 Albany,
            New York

                            _____
                            LAWRENCE E. KAHN
                            United States District Judge